**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**     &#124; | |
|         &#124; | |
|     **v.**         &#124; | **1:23-CR-172-MSN** |
|         &#124; | |
| **ELISHA JASON ALBERT**     &#124; | |
|         &#124; | |
|     **Defendant.**     &#124; | |

**JASON ALBERT'S MOTION TO SUPPRESS**

On September 22, 2023, when FBI Special Agent Hector Sepulveda applied for a search warrant for items located in the Eastern District of Virginia, those items were not in the Eastern District of Virginia. Nor were they in the Eastern District of Virginia on September 23, 2023 when the Magistrate Judge signed the search warrant. And the items were not in the Eastern District of Virginia on September 23rd or 24th, 2023 when the FBI represented it would have its prearranged meeting with Mr. Albert in the Eastern District of Virginia. In fact, that meeting had not yet even been planned and the affidavit in support of the search warrant stated "*if*" the subject arrives at the agreed location…. *See* Def.'s Ex. 2 at 18. At that point, there was no agreed location and there had not even been a discussion to establish an agreed upon location.

The FBI Agent's ordinary warrant which swore that the items to be searched were located in the Eastern District of Virginia was just flatly false. The additional anticipatory warrant failed to establish probable cause that any property was on "sure course" to the Eastern District of Virginia. Therefore, it was issued outside the scope of the Magistrate Judge's authority under Fed. Crim. P. 41 and the Federal Magistrates Act. The fruits of this warrant, the search of Jason Albert's phone and electronic devices, must be suppressed from the government's use at trial.

## BACKGROUND

Jason Albert was in Texas when SA Sepulveda applied for a search warrant of all his electronic devices located in the Eastern District of Virginia on September 23, 2023.[1]  The FBI was aware Mr. Albert was traveling to Philadelphia, Pennsylvania based on messages he purportedly sent to the minor witness's (MW's) phone.  Although SA Sepulveda swore to the Magistrate Judge that he planned to pose as a 15-year-old female with whom Mr. Albert had allegedly been chatting and arrange for a meeting in the Eastern District of Virginia, no such meeting had been planned.  Indeed, the affidavit in support stated the agent *will* contact the subject and the warrant would only be executed *if* (not when) Mr. Albert came to the Eastern District of Virginia.  *See* Def.'s Ex. 2 at 18.  These assertions are not indicative of property that is on sure course to the Eastern District of Virginia.

The FBI alleges the discussed meeting date between Mr. Albert and MW was either Saturday, September 23rd or Sunday, September 24th.  *See* Def.'s Ex. 2 at 6-8.  However, Mr. Albert did not send MW any messages to coordinate, either by Snapchat or text, on Friday, September 22, 2023.  The FBI, posing as MW, sent Mr. Albert a two Snapchat messages – *after the warrants had been signed* – on Saturday, September 23rd, including the message "will u still be in VA?", to which Mr. Albert never responded.  The FBI again texted Mr. Albert by Snapchat (as MW) on Sunday, September 24th, around 9:30 a.m. and Mr. Albert finally responded.  After the parties switched to text messages, it became abundantly clear to the FBI that no meeting would take place on September 24, 2023 either.  All of this was after a search warrant had been

---

[1] Pursuant to discovery provided by the Government, Mr. Albert boarded a flight in Texas bound for Philadelphia, Pennsylvania at approximately 11:00 a.m. (12:00 p.m. EDT) on Saturday, September 23, 2023.

signed purportedly establishing probable cause that the property to be searched was on "sure course" to the Eastern District of Virginia.

It also appears that both an ordinary search warrant and an anticipatory warrant were sworn out two minutes apart for the same property, providing contradictory statements as to whether the property was located in the Eastern District of Virginia or whether it just might be. The dueling warrants display a troubling result – an FBI Agent swearing on penalty of perjury that the property it seeks to search is located in the Eastern District of Virginia:

*see* Def.'s Ex. 1 at 1, when in fact it is clear that, at best, he does not know its location.  As a result, both warrants lacked probable cause and were issued outside the scope of the Magistrate Judge's authority under Fed. Crim. P. 41 and the Federal Magistrates Act.

To be clear, the defects in this search warrant do not mean that law enforcement lacked the ability to *arrest* Mr. Albert if he arrived in the Eastern District of Virginia.[2]  Rather, to comply with the protections prescribed by law, the FBI needed to request the search warrant either after the property was located in the Eastern District of Virginia or once it was on sure course there.  But the FBI was overeager and in the course of its zeal, it has undermined Mr. Albert's Constitutional protections, statutory requirements, and renders the search invalid and its fruits precluded from use in this case.

---

[2] Mr. Albert nevertheless reserves the right to challenge his arrest on other grounds.

**ARGUMENT**

I.    **The warrants for Mr. Albert's property were issued outside the scope of the Magistrate Judge's authority under Fed. Crim. P. 41 and the Federal Magistrates Act.**

> A.    *Absent certain exceptions not present in this case, a search warrant must be signed by a magistrate judge in the district in which the subject property is located. Law enforcement can obtain an anticipatory warrant if a probable cause determination is made that the property is on "sure course" to the magistrate judge's district.*

Section 636(a) of the Federal Magistrates Act establishes jurisdictional limitations on the power of magistrate judges.  *See United States v. Krueger*, 809 F.3d 1109, 1122 (10th Cir. 2015) (Gorsuch, J., concurring); *see also United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992) (vacating magistrate judge's order because magistrate exceeded jurisdictional limitations imposed by Federal Magistrates Act).  The Federal Magistrates Act limits the authority of a magistrate judge so that he or she may exercise the powers and duties conferred by the Federal Rules of Criminal Procedure only "within the district in which sessions are held by the court that appointed the magistrate judge," "at other places" where her court may function, or "elsewhere" as authorized by some other law.  28 U.S.C. § 636(a).

"[F]or the magistrate judge to have had jurisdiction to issue the warrant under Section 636(a), she must have had authority to do so under [Federal Rule of Criminal Procedure] Rule 41(b)."  *United States v. Matish*, 193 F. Supp. 3d 585, 611 (E.D. Va. 2016) (citations omitted). Fed. R. Crim. P. 41(b) states in relevant part, "a magistrate judge with authority in the district…has authority to issue a warrant to search for and seize a person or property located within the district…."  As Justice Gorsuch noted in his concurrence in *Krueger,* "Section 636(a)'s territorial restrictions are *jurisdictional* limitations on the power of magistrate judges and the Supreme Court has long taught that the violation of a statutory jurisdictional limitation

4

— quite unlike the violation of a more prosaic rule or statute — is *per se* harmful…. the statute evinces a deeply rooted historical concern for limiting the territorial reach of magistrate judges' powers." *Krueger*, 809 F.3d at 1122-23 (10th Cir. 2015) (emphasis in original).

In *United States v. Glover*, the D.C. Circuit was presented with a warrant that violated the territorial provisions of Rule 41(b) and the relevant statute. 736 F.3d 509, 515 (D.C. Cir. 2013). The court rejected the government's argument that this did not amount to a "jurisdictional flaw in the warrant: … [W]e do not see how a blatant disregard of a district judge's jurisdictional limitation can be regarded as only 'technical.'" *Id.* The *Glover* court reversed for the district court's failure to suppress.

Because of these jurisdictional constraints, "usually, an officer applies for a warrant to search a place for criminal evidence that is already located at the place-to-be-searched. By contrast, '[a]n anticipatory warrant is a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.'" *United States v. Andrews*, 577 F.3d 231, 237 (4th Cir. 2009) (citations omitted); *See United States v. Goodwin*, 854 F.2d 33, 36 (4th Cir. 1988).

"[A]nticipatory warrants subject their execution to some condition precedent *other than the mere passage of time*–a so-called 'triggering condition,'" which, when satisfied, becomes the final piece of evidence needed to establish probable cause. *United States v. Grubbs*, 547 U.S. 90, 94, (2006) (emphasis added). "[T]he probable cause determination is two-fold: 'It must be true not only that *if* the triggering condition occurs there is a fair probability that contraband or evidence of a crime will be found in a particular place,' but also that there is probable cause to believe the triggering condition *will occur*." *United States v. Andrews*, 577 F.3d at 237 (internal citations omitted) (emphasis in original). "The contraband to be seized" must be "on a sure

course to its destination." *United States v. Goodwin*, 854 F.2d 33, 36 (4th Cir. 1988) (quoting *United States v. Hale*, 784 F.2d 1465, 1468-69 (9th Cir. 1986)) (internal quotation marks omitted).  This is a view shared by a number of sister circuits.  *See United States v. Elst*, 579 F.3d 740, 745 (7th Cir. 2009) ("Regarding the 'sure course' requirement, some circuits - even ours- have required a showing that the contraband was on a 'sure course' to the place to be searched to support a finding of probable cause for an anticipatory warrant."); *United States v. Ruddell*, 71 F.3d 331, 333 (9th Cir. 1995) ("An affidavit in support of an anticipatory search warrant must show that the property sought is on a sure course to the destination targeted for the search.")

> B.    *Law enforcement failed to follow the jurisdictional requirements of The Federal Magistrate Act and Rule 41.*

In this case, it appears that an affidavit was written on September 22, 2023 and was sworn to the Magistrate Judge on September 23, 2023 at 9:34 a.m.  An ordinary warrant for this same property "located in the Eastern District of Virginia" was signed by the Magistrate Judge on the same day at 9:33 a.m. and an anticipatory warrant for the same property to be located in the Eastern District of Virginia was signed at 9:35 a.m.  *See* Def.'s Exs. 1-3.

But the property was not located in the Eastern District of Virginia, and the agent knew this based on MW's text and Snapchat messages.  Therefore, the ordinary warrant is simply invalid on its face.  The anticipatory warrant does little to revive this failed effort.  The anticipatory warrant implicitly acknowledges that the property is not currently located in the Eastern District of Virginia, but then in the conclusion section of the affidavit, relies on the FBI agent claiming that he *will* manufacture a "meeting" in the Eastern District of Virginia, which, not only has yet to be planned, but has not even been discussed.  Thus, the property to be

6

searched was unquestionably outside the jurisdiction of the magistrate judge under Rule 41 and the Federal Magistrate Act.

An affidavit swearing that an FBI agent plans to arrange a meeting with the subject in the Eastern District of Virginia provides no basis to conclude that the property to be searched or the "contraband to be seized" were on "sure course" to the Eastern District of Virginia. *See United States v. Goodwin*, 854 F.2d 3at 36. As stated in *Andrews*, there must be not only probable cause that contraband will be found in the place to be search, but also that there is "probable cause to believe the triggering condition *will occur*." 577 F.3d at 237. Given that the FBI had not even yet planned a meeting, and especially that Mr. Albert did not respond even after being asked if he was coming to Virginia, it can hardly be said that the FBI had probable cause that the triggering condition would occur.

It would have been no more difficult for the FBI to apply for a warrant if or when the property was actually located in the Eastern District of Virginia, or even once the meeting had actually been planned. Then the FBI truthfully would have been able to attest to these facts. But the FBI failed to do this, opting instead for a shortcut. Without any indication that the property believed to be containing contraband was on sure course to the Eastern District of Virginia, the entire warrant is void. To find otherwise would render Federal Rule of Criminal Procedure 41 meaningless.

II.     **The good faith exception does not apply because the warrant was so facially deficient.**

In *United States v. Leon,* The Supreme Court identified four circumstances in which an officer's reliance on a search warrant would not be objectively reasonable: (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, (2)

where the issuing magistrate wholly abandoned his judicial role as a detached and neutral decisionmaker; (3) where the officer's affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant [is] so facially deficient ... that the executing officers cannot reasonably presume it to be valid. *United States v. Andrews*, 577 F.3d 231,236 (4th Cir. 2009) (internal quotation marks omitted).  This case implicates exceptions 3 and 4.

The Fourth Circuit has held that a warrant lacks indicia of probable cause where "it provide[s] only unsupported, conclusory statements rather than facts from which a magistrate could independently verify the existence of probable cause." *United States v. Perez*, 393 F.3d 457, 464 (4th Cir. 2004) (citing *United States v. Wilhelm*, 80 F.3d 116, 121-22 (4th Cir. 1996)); *see also United States v. Gary*, 420 F. Supp. 2d 470,487 (E.D. Va. 2006) ("[B]are bones' affidavits, fall within this exemption from the good-faith exception.") (quoting *United States v. Cisneros-Mayoral*, 129 Fed. Appx. 37, 40 (4th Cir. 2005)); *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) ("It takes but a few minutes more for law enforcement authorities to obtain and include sufficient particularized facts so that magistrates may perform their detached function fully informed.")  When a warrant is invalid, and reliance upon that warrant was not objectively reasonable, suppression is required.  *See United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993).

In this case it is glaringly deficient to have a warrant with the attestation that the property to be searched was located in the Eastern District of Virginia when it was not.  Indeed, it is simply false.  This is evidenced through messages and through the FBI's own contradictory statement in its affidavit and anticipatory search warrant.  The FBI cannot purport to rely on good faith when attesting to a false statement in a search warrant.  The FBI also lacked any

indication that the property would be in Virginia since the meeting not been planned and specific details hadn't even been discussed. *See United States v. Glover* 736 F.3d at 515 ("[W]e do not see how a blatant disregard of a district judge's jurisdictional limitation can be regarded as only 'technical.'"). As the court noted in *Weaver*, "it takes but a few minutes more for law enforcement authorities to obtain and include sufficient particularized facts." 99 F.3d at 1378. The FBI agent could have mustered a few more steps to provide the Magistrate Judge with facts to "independently verify the existence of probable cause" that electronic devices suspected to contain contraband were on sure course to this district. *United States v. Perez*, 393 F.3d at 464.

## CONCLUSION

The FBI's contradictory attestations in applications for search warrants and the lack of any indication that the property at issue was on sure course to the Eastern District of Virginia render the search warrants void. If Rule 41 is to have any jurisdictional meaning, the fruits of this search must be suppressed.

Respectfully submitted,
ELISHA JASON ALBERT
By Counsel

_____/s/_____
Yancey Ellis (VSB 70970)
Counsel for Defendant
108 N. Alfred Street, 1st Fl
Alexandria, Virginia 22314
703.684.7908 / Fax 649.6360
yancey@carmichaellegal.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2023 I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.


_____/s/_____

Yancey Ellis
