# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | Case Number: 1:23-CR-172 |
| **ELISHA J. ALBERT** | ) | USM Number: 79430-510 |
| | ) | John Yancey Ellis, Esq. and Zachary Deubler, Esq. |
| | ) | Defendant's Attorney |

The defendant plead guilty to Counts 1-4 of the Indictment.

The defendant is adjudged guilty of:

| **Title and Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 10/25/2023 | 1 |
| 18 U.S.C. § 2422(b) | Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity | 10/25/2023 | 2 |
| 18 U.S.C. § 2423(b) and (e) | Travel with Intent to Engage in Illicit Sexual Conduct | 10/25/2023 | 3 |
| 18 U.S.C. § 2252(a)(1) and (b)(1) | Transportation of Child Pornography | 10/25/2023 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

May 16, 2024
Date of Imposition of Judgment

*Michael S. Nachmanoff* (Digitally signed by Michael S. Nachmanoff, Date: 2024.05.16 16:33:04 -04'00')
Signature of Judge

Michael S. Nachmanoff, United States District Judge
Name and Title of Judge

May 16, 2024
Date

**Case Number:** 1:23-CR-172
**Defendant's Name:** ALBERT, ELISHA J.

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO HUNDRED AND TEN (210) MONTHS ON COUNTS 1-4, TO BE SERVED CONCURRENTLY.

The Court makes the following recommendations to the Bureau of Prisons:
1. The defendant be designated to FCI Seagoville, if available.

The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on_____.

　　☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Sheet 3 – Supervised Release

**Case Number:** 1:23-CR-172
**Defendant's Name:** ALBERT, ELISHA J.

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of LIFE.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Sheet 3 – Supervised Release

**Case Number:** 1:23-CR-172
**Defendant's Name:** ALBERT, ELISHA J.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date

Sheet 3A – Supervised Release

**Case Number:**        1:23-CR-172
**Defendant's Name:**   ALBERT, ELISHA J.

# SPECIAL CONDITIONS OF SUPERVISION

1. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

2. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

4. The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

5. The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

6. The defendant shall not have any intentional contact with any child under the age of 18 unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact also includes going to, congregating and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as working in schools, childcare facilities, amusement parks and playgrounds. Incidental contact with children under the age of 18 includes, but is not limited to, unavoidable interactions in public places such as grocery stores, department stores, restaurants, etc.

7. The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be

**Case Number:**        1:23-CR-172
**Defendant's Name:**   ALBERT, ELISHA J.Error! Reference source not found.

conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

8. The defendant shall disclose to the probation office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes use of computers at work, unless the defendant cooperates with the probation office's computer monitoring program or receives permission from the probation office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to communicate with any individual or group who promotes sexual abuse of children.

9. The defendant shall, at the direction of the probation officer, notify his employer of: (1) the nature of his conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by Probation and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his computer at employment.

10. The defendant shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment, including but not limited to YouTube, Facebook, or Instagram, without prior permission from the probation officer. The defendant shall provide account information to the probation officer, to include usernames and passwords.

11. If the defendant tests positive for controlled substance or shows signs of alcohol abuse, the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

12. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

13. The defendant shall provide the probation officer access to any requested financial information

Sheet 5 – Criminal Monetary Penalties

**Case Number:** 1:23-CR-172
**Defendant's Name:** ALBERT, ELISHA J.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 ($100 per Count) | $ TBD | $ 0.00 | $ 5,000 | $ 20,000 ($5000 per Count) |

☒  The determination of restitution is deferred until **August 1, 2024.** An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Payments of Restitution are to made payable to the Clerk, United States District Court, Eastern District of Virginia.**

**Case Number:** 1:23-CR-172
**Defendant's Name:** ALBERT, ELISHA J.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $25,400 due immediately, balance due
  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _(e.g., weekly, monthly, quarterly)_ installments of $ ___ over a period of ___ _(e.g., months or years)_, to commence ___ _(e.g., 30 or 60 days)_ after the date of this judgment; or

**D** ☐ Payment in equal _(e.g., weekly, monthly, quarterly)_ installments of $ ___ over a period of ___ _(e.g., months or years)_, to commence ___ _(e.g., 30 or 60 days)_ after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ___ _(e.g., 30 or 60 days)_ after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names                                    Joint and Several          Corresponding Payee,
_(including defendant number)_         Total Amount                  Amount                      if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.