UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELISHA JASON ALBERT,<br>    *Defendant.* | Case Number 1:23-cr-172 |

MEMORANDUM OPINION

This matter comes before the Court on the government's request for an Order of Restitution against Defendant Elisha Jason Albert pursuant to 18 U.S.C. § 2259. Following the Defendant's sentencing, and with the agreement of both parties, this Court reserved ruling on the issue of ordering restitution pending a separate restitution hearing. In advance of the hearing, both parties submitted their respective positions regarding the issue of restitution. *See* ECF 104, 105. Having reviewed the parties' positions, the Court dispenses with oral argument and, as outlined below, finds that the Defendant must pay $16,830 in restitution.

On February 1, 2024, the Defendant pled guilty to four counts: (1) production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); (2) attempted coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b); (3) travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) and (e); and (4) transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). ECF 84. On May 16, 2024, this Court sentenced the Defendant to 210 months of imprisonment as to all four counts, to run concurrently, to be followed by a life term of supervised release. ECF 100. The Court reserved on the issue of restitution.

The government now seeks restitution for four victims: MV1, MV2, a PD11 series victim, and Lily, a Vicky series victim. The Defendant does not dispute that restitution is owed to each of the four victims identified in the government's filing. Nor does the Defendant dispute that MV2 is owed $3,000 under the mandatory restitution provisions of 18 U.S.C. § 2259(b). ECF 105 at 3. The Defendant does, however, contest the restitution amounts owed to the remaining three victims. The Court will address each below, noting that "the calculation of [a restitution] award is not an exact science." *United States v. Kravchuk*, 335 F.3d 1147, 1156 (10th Cir. 2003).

### MV1

The government argues that MV1 is owed $9,377.33 in restitution based on three components: (1) $3,690 in therapy costs through May 6, 2024, (2) $4,500 in future therapy costs (i.e., 25 sessions at a rate of $180 per session), and (3) $1,187.33 in "security and investigation-related expenses." *See* ECF 104 at 3. The Defendant does not contest the past therapy costs, but does contest the other two components.

With respect to future therapy costs, it is undisputed that MV1 is expected to continue paying for therapy from May 6, 2024, through the end of October 2024. *Id.*; ECF 105 at 2. But while the government has calculated the projected therapy needs as four sessions per month for six months, the Defendant argues that, because MV1's past therapy records indicate that she attends only three sessions per month, a more appropriate projection is $3,060 (17 sessions). ECF 105 at 2; ECF 97 (PSR) at 36-37. The Court notes that the government's cost projection of $4,500 is for 25 sessions, but even accepting the government's calculations of four sessions per month results in a maximum of 23 sessions for the relevant dates.[1] While the Defendant is correct

---

[1] The record indicates that MV1 has already attended one session in May, *see* ECF 97 at 37, which would leave three additional sessions in May and four sessions for each of the five months between June and October.

that MV1 has typically attended three sessions per month, she attended four sessions in April. *See* PSR (ECF 97) at 37. Having reviewed the treatment summary and recommendations, the Court will require the Defendant to pay for four sessions per month through the end of October, resulting in a total projected therapy cost of $4,140.

With respect to the $1,187.33 in "security and investigation-related" costs, the government states that this amount covers "losses related to the need to replace her phone after it was confiscated as evidence by the FBI, and the cost of additional security around her home so that her family can feel safe as a result of the defendant's conduct." ECF 104 at 8. However, the government has not provided any documentation or breakdown of those expenses. While the Court is required to direct the Defendant to pay the "full amount of the victim's losses," the government bears the burden of proving by a preponderance of the evidence the amount of the loss sustained by a victim as a proximate result of the offense. 18 U.S.C. § 2248(b); 18 U.S.C. § 3664(e). Because the government has not met its burden, the Court will not include the security-related expenses in the total restitution awarded to MV1.

Accordingly, the Court will order $7,830 in total restitution for MV1, comprised of $3,690 in therapy costs through May 6, 2024, and $4,140 in projected therapy costs through the end of October 2024.

## PD11 Series

The Court finds that PD11 has established a loss amount of $266,587.67. ECF 97 at 41-45; *see* 18 U.S.C. § 2259(b)(2)(A). Having done so, the Court must now "order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses." 18 U.S.C. § 2259(b)(2)(B). The victim requests restitution in the amount of $5,000, and documentation for the request is included in the PSR, which the Court has considered. *See* ECF

97 at 41-45. The Defendant concedes that this victim is owed mandatory restitution under 18 U.S.C. § 2259(b), but argues that the appropriate amount is $3,000 in light of the Defendant's role in the victim's losses. ECF 105 at 3.

The parties agree that the Defendant transported one video of "PD11" on his phone, but did not produce or distribute the video. ECF 104 at 4; ECF 105 at 3; ECF 97 at ¶ 45, 46. The Defendant argues that his role is no more contributory to the victim's losses than comparable cases in this district in which restitution at or near the minimum amount was ordered. *See* ECF 105 at 3-4. The Court has considered the Defendant's conduct and the factors outlined in *Paroline v. United States*, 572 U.S. 434, 460 (2014),[2] and finds that a restitution award to PD11 in the amount of $3,000 is appropriate.

## Lily (Vicky Series)

The Court finds that Lily has established a loss amount of at least $6,008,536.29. ECF 97 at 48-58; *see* 18 U.S.C. § 2259(b)(2)(A). The victim requests restitution in the amount of $10,000, and documentation for the request is included in the PSR, which the Court has considered. *See* ECF 97 at 12, 48-58. The Defendant again concedes that this victim is owed mandatory restitution under 18 U.S.C. § 2259(b), but argues that the appropriate amount is $3,000 in light of the Defendant's role in the victim's losses.

The parties agree that the Defendant transported one video of "Lily" on his phone, but did not produce or distribute the video. ECF 104 at 4; ECF 105 at 3; ECF 97 at ¶ 45, 47. The defendant

---

[2] The factors that may be considered include: (a) the number of past criminal defendants found to have contributed to the victim's general losses; (b) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; (c) any available and reasonably reliable estimate of the broader number of offenders involved (most of whom may never be caught or convicted); (d) whether the defendant reproduced or distributed images of the victim; (e) whether the defendant had any connection to the initial production of the images; (f) how many images of the victim the defendant possessed; and (g) other facts relevant to the defendant's relative causal role.

also argues that the Court should consider the number of restitution orders already received by the victim from other defendants. ECF 105 at 3; *see also* ECF 97 at 49 ("There are currently 2162 orders of restitution entered for Lily. She has received payment for approximately half of her losses.").[3] Having considered the Defendant's relative role in the causal process underlying the victim's losses, 18 U.S.C. § 2259(b)(2)(B), as well as the *Paroline* factors, the Court finds that a restitution award to "Lily" in the amount of $3,000 is appropriate.

      An appropriate Order shall issue.

/s/
Michael S. Nachmanoff
United States District Judge

July 30, 2024
Alexandria, Virginia

---

[3] Lily's attorneys note that, of the 2,162 defendants ordered to pay restitution, only 1,657 defendants have made some payment, some as low at $4.00. ECF 97 at 51. This means those defendants have paid an average of $1,813.08 each.